**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OCTAVIO GONZALEZ-LINCE,

Defendant-Appellant.

No. 13-1294
(D.C. No. 1:12-CR-00494-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **HOLMES**, Circuit Judges.

Octavio Gonzalez-Lince pleaded guilty, pursuant to a plea agreement, to

unlawful re-entry of a previously deported alien following a felony conviction, in

violation of 8 U.S.C. § 1326(a) and (b)(1).  He was sentenced to thirty months of

imprisonment.  Under the terms of his plea agreement, he waived his right to appeal

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his conviction and sentence, unless certain criteria were met. Despite the waiver, he filed a notice of appeal.

The government moves, pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam), to enforce the plea agreement and to dismiss the appeal. In evaluating an appeal waiver, *Hahn* directs us to consider "(1) whether the disputed appeal fails within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.

Mr. Gonzalez-Lince, through counsel, concedes that the appeal waiver is enforceable under the *Hahn* standards. Thus, he does not oppose the government's motion to enforce the plea agreement and to dismiss the appeal.

Upon our independent review of the parties' filings, the plea agreement, the transcript of the plea hearing, and the transcript of the sentencing hearing, we conclude that Mr. Gonzalez-Lince waived his right to bring this appeal.

Accordingly, we grant the government's motion to enforce the plea agreement, and we dismiss the appeal.

Entered for the Court
Per Curiam
